FILED
MAY 21 2009
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Paul Adams Rush, :
:
    Plaintiff, :
:
v. : Civil Action No. 09 0955
:
Federal Bureau of Investigation, :
:
    Defendant. :

## MEMORANDUM OPINION

The plaintiff is a prisoner who has filed a *pro se* complaint and an application to proceed *in forma pauperis*. The application will be granted and the complaint dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

The complaint and the documents attached thereto establish that plaintiff filed a request with the Federal Bureau of Investigation ("FBI") in Washington, D.C., for information under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. The agency responded, saying a search of central files had produced no responsive documents, and advising the plaintiff that he could file a request with the appropriate FBI field office, which, in this case was the Houston Field Office ("HFO"). The FBI's response also advised plaintiff that he could file an appeal and where to do so. On March 19, 2009 plaintiff mailed his request to the HFO, and mailed a second request on April 6, 2009. This *pro se* complaint was signed by plaintiff on April 17, 2009, the date the court uses as the date the complaint was filed under the prison mailbox rule. *See Houston v. Lack,* 487 U.S. 266, 270-71 (1988).

The FOIA provides that an agency must "determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor, and of the right of such person to appeal to the head of the agency any adverse determination." 5 U.S.C. § 552(a)(6)(A)(i). The law provides that three days are added to the time allowed when a party must act within a specified time. Fed. R.Civ. P. 6(d). Without knowing exactly when the HFO received the request, it is a virtual certainty that it received the request on Friday, March 20, 2009, at the very earliest. (It is more likely that the HFO did not receive the request until Monday, March 23 or later.) Even assuming that the request was received by the HFO on March 20, the HFO had through Friday, April 17, 2009 to make its determination, after which it was required to "immediately" notify the plaintiff of its determination, and then communicate its determination by mail, including a notification to plaintiff of his right to an administrative appeal from the HFO's determination.

"Exhaustion of administrative remedies is generally required before seeking judicial review" in a FOIA case. *Wilbur v. C.I.A.,* 355 F.3d 675, 677 (D.C. Cir. 2004) (quoting *Oglesby v. Dep't of the Army,* 920 F.2d 57, 61 (D.C. Cir. 1990)). "Although exhaustion of a FOIA request is not jurisdictional . . . , still 'as a jurisprudential doctrine, failure to exhaust precludes judicial review if the purposes of exhaustion and the particular administrative scheme support such a bar.'" *Id.* (quoting *Hidalgo v. F.B.I.,* 344 F.3d 1256, 1258-59 (D.C. Cir. 2003) (other internal quotation marks and citations omitted). As it is obvious from the face of the complaint and the documents attached thereto, that the plaintiff did not exhaust his administrative remedies

before filing this action, the complaint will be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

A separate order accompanies this memorandum opinion.

Date: 15 May 2009

/s/ Rosemary M. Collyer
United States District Judge